IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONALD NORRIS; DARCY NORRIS,<br><br>         Plaintiffs,<br><br>    vs.<br><br>BANK OF AMERICA, N.A. SUCCESSOR-IN-INTEREST COUNTRYWIDE FINANCIAL CORPORATION; THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE ALTERNATIVE LOAN TRUST 2007-HY3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY3; BAC HOME LOANS SERVICING LP; RYAN MCNALLY; GREG BROWN; JOHN AND MARY DOES 1-6,<br><br>         Defendants.<br>_____ | CIVIL NO. 11-00156 LEK-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT GREG BROWN'S RENEWED MOTION FOR RECOVERY OF ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT GREG BROWN'S RENEWED MOTION FOR
RECOVERY OF ATTORNEYS' FEES AND COSTS

Before the Court is Defendant Greg Brown's ("Defendant") Renewed Motion for Recovery of Attorneys' Fees and Costs ("Motion"), filed December 9, 2011.[1]  On

---

[1] Defendant previously filed a Motion for Recovery of Attorneys' Fees and Costs that was denied for failure to file a Statement of Consultation.  Doc. Nos. 66 and 67.

December 9, 2011, Defendant also filed a Statement of Consultation. Plaintiffs Donald and Darcy Norris (collectively "Plaintiffs") filed an Opposition on December 22, 2011. On December 29, 2011, Defendant filed a Reply.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion, the supporting and opposing memoranda, and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the Motion BE DENIED for the reasons set forth below.

BACKGROUND

On March 10, 2011, Plaintiffs commenced this action, which arises from Plaintiffs' mortgage loan to purchase 59A Kumu Niu Place, in the County of Maui.

On June 14, 2011, Defendant filed a Motion to Dismiss. That same day, Plaintiffs filed a First Amended Complaint ("FAC"). With respect to Defendant, the FAC alleges the following:

115. Plaintiffs submit that Defendant Brown unfairly and deceptively induced Plaintiffs into purchasing the Subject Property under the original promise that Plaintiffs and Brown would be able to do a 1031 exchange. It became clear to Plaintiffs approximately a week before the house and cottage were due to close that Brown had opted out of the 1031 exchange. As a consequence of not doing the 1031 exchange, Plaintiffs would have to put down an additional $300,000. Plaintiffs subsequently told Brown that they would not proceed with purchasing the cottage as they could not afford the additional $300,000 down payment. It was then that Brown offered to carry the $300,000 note.

116. On information and belief, Plaintiffs submit that Defendant Brown unfairly and deceptively withdrew his offer to do the 1031 exchange a week prior to closing knowing that Plaintiffs had already incurred significant costs in moving their belongings to Maui and that they could be more easily persuaded to accept his personal loan and continue with closing.

117. Brown collected a profit of approximately $40,000 in interest payments and penalties on the $300,000 loan to Plaintiffs.

118. Defendant Brown further deceived Plaintiffs by misrepresenting the viability of the Ohana Property as a TVR. Brown misled Plaintiffs to believe that they could easily obtain a permit to rent out the Ohana Property as a TVR when, in fact, Brown knew or ought to have known

3

that such permits would not be issued.
FAC at ¶¶ 115-18.

On June 28, 2011, Defendant filed a Motion to Dismiss FAC.

On September 26, 2011, U.S. District Judge Leslie Kobayashi issued an Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint.  Doc. No. 62.

On October 7, 2011, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(i).

## DISCUSSION

Defendant moves for a $10,301.18 award of attorneys' fees and costs on the grounds that he is the prevailing party and Plaintiffs' claims against him were in the nature of assumpsit.  Plaintiffs counter that Defendant is not the prevailing party because he did not obtain final judgment in his favor.  In addition, Plaintiffs argue that their Hawaii Revised Statutes ("HRS") § 480-2 claim against Defendant is not in the nature of assumpsit.

A.  <u>Defendant is not a Prevailing Party</u>

Defendant submits that it is entitled to attorneys' fees and costs pursuant to HRS § 607-14, which governs the award of fees for actions/claims in the nature of assumpsit, and states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See <u>Blair v. Ing</u>, 96 Hawai'i 327, 332, 31

P.3d 184, 189 (2001).

Section 607-14 states that reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party in an action in the nature of assumpsit. The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'" MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); see also Village Park Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted). Thus, under Hawaii law, in order to be deemed the prevailing party for the purposes of § 607-14, Defendant must have obtained final judgment in his favor. Indeed, "'[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim.'" Ranger Ins. Co. v.

Hinshaw, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003) (quoting Wong v. Takeuchi, 88 Hawai'i 46, 49, 961 P.2d 611, 614 (1998)) (alteration in original); see also Blair, 96 Hawai'i at 331, 31 P.3d at 189 ("[A] defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14."). The Ninth Circuit acknowledged Wong by recognizing that "any dismissal that results in judgment is sufficient to support an award of attorneys' fees under Hawai'i law." Ranger, 103 Hawai'i at 31, 79 P.3d at 124 (citing Kona Enters. v. Estate of Bernice Pauahi Bishop, 229 F.3d 877, 889 (9th Cir. 2000)).

In the present case, Defendant has not obtained a judgment in his favor. Defendant argues that he obtained a judgment of dismissal with prejudice because Judge Kobayashi's Order cautioned that the Court would automatically dismiss all of Plaintiffs' claims with prejudice if they failed to timely file a motion for leave to file a second amended complaint by October 7, 2011. However, on October 7, 2011, Plaintiffs

7

voluntarily dismissed their claims without prejudice pursuant to FRCP 41(a)(1)(A)(i). To date, Judge Kobayashi has not issued an order of dismissal with prejudice. Nor has judgment entered. Defendant accordingly cannot be deemed the prevailing party. Cf. Cadkin v. Loose, 569 F.3d 1142, 1149 (9th Cir. 2009) (holding that a voluntary dismissal does not alter the legal relationship of the parties because there is a risk of refiling following a dismissal without prejudice; thus, the party against whom a claim is dismissed is not a prevailing party).

B. The Claims Against Defendant are not in the Nature of Assumpsit

Even if Defendant were the prevailing party, he would not be entitled to attorneys' fees pursuant to HRS § 607-14 because the HRS Chapter 480 claims asserted against Defendant are not in the nature of assumpsit. Although Defendant proffers that the claims are in the nature of assumpsit because they arise from allegations that Defendant failed to fulfill contractual promises, HRS § 480-2 claims are statutory,

and are therefore not in the nature of assumpsit.

HRS § 480-13 authorizes an award of attorneys' fees and costs for successful plaintiffs in actions brought under HRS Chapter 480 and provides:

> (a) Except as provided in subsections (b) and (c), any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter:
>
> (1) May sue for damages sustained by the person, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit; provided that indirect purchasers injured by an illegal overcharge shall recover only compensatory damages, and reasonable attorney's fees together with the costs of suit in actions not brought under section 480-14(c); and
>
> (2) May bring proceedings to enjoin the unlawful practices, and if the decree is for the plaintiff, the plaintiff shall be awarded reasonable attorney's fees together with the costs of suit.

Haw. Rev. Stat. § 480-13(a). Insofar as there is a statutory basis for fees with respect to HRS Chapter 480 claims, HRS § 607-14 is inapplicable. Leibert v. Fin. Factors, Ltd., 71 Haw. 285, 286, 788 P.2d 833, 835

9

(1990) ("Plaintiffs in an action for unfair and deceptive business practices are entitled only to an award of reasonable attorney's fees under HRS § 480-2 and 480-13 and are not entitled, in addition, to attorney's fees in assumpsit under HRS § 607-14."). Neither may Defendant rely on HRS § 480-13 as a basis for a fee and cost award. First, Defendant did not move for fees pursuant to HRS § 480-13. Second, HRS § 480-13 expressly limits an award of fees and costs to plaintiffs. Finally, judgment must enter in favor of the plaintiff. Defendant cannot satisfy either of the latter two requirements.

C. <u>Defendant is not Entitled to Costs</u>

FRCP 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Courts have discretion to award costs pursuant to FRCP 54(d). See <u>Yasui v. Maui Elec. Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. <u>Stanley</u>

v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

Local Rule 54.2(a) provides that "[t]he party entitled to costs shall be <u>the prevailing party in whose favor judgment is entered</u>, or shall be the party who prevails in connection with a motion listed in LR 54.2(b)."[2] Local Rule 54.2(a) (emphasis added); San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 741 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in original) ("Courts consistently confirm that [a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).").

Here, Defendant has not obtained judgment in his favor, as required by Local Rule 54.2(a), nor is he the prevailing party. A party "prevails" when actual relief on the merits of its claim materially alters the

---

[2] The motions listed in Local Rule 54.2(b) are as follows: 50(b), 52(b) or 59. Local Rule 54.2(b). Defendant did not file or prevail on any of these types of motions.

11

legal relationship between the parties by modifying the opposing party's behavior in a way that directly benefits the party. Id. (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). As already discussed, Plaintiffs voluntarily dismissed their claims without prejudice. Insofar as a dismissal without prejudice subjects a defendant to the possibility of the plaintiff re-filing an action, there is no alteration of the legal relationship between the parties. Cadkin, 569 F.3d at 1149; Oscar v. Alaska Dep't of Educ. and Early Dev., 541 F.3d 978, 981 (9th Cir. 2008) (holding that an FRCP 41 "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing"). Accordingly, Defendant is not a prevailing party and he is not entitled to recover the costs he incurred in this action.[3]

---

[3] Defendant seeks to recover non-taxable costs, but he has not cited any applicable statutory provision authorizing his entitlement to the same.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Renewed Motion for Recovery of Attorneys' Fees and Costs be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, February 16, 2012.



Kevin S.C. Chang
United States Magistrate Judge

CV NO. 11-00156 LEK-KSC; NORRIS, ET AL. V. BANK OF AMERICA, N.A., ET AL.; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT GREG BROWN'S RENEWED MOTION FOR RECOVERY OF ATTORNEYS' FEES AND COSTS